IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 10-24457-CIV-MOORE/TORRES

JUAN ALCALDE,

    Plaintiff,

vs.

CARNIVAL CRUISE LINES,

    Defendant.

_____/

## ORDER GRANTING IN PART DEFENDANT'S MOTION TO COMPEL ARBITRATION

THIS CAUSE came before the Court upon Defendant's Motion to Compel Arbitration (ECF No. 6); Plaintiff's Motion to Remand to State Court (ECF No. 12); Defendant's Notice of Filing Stipulation (ECF No.23); and Plaintiff's Motion to Strike Carnival's Unilateral Stipulation to United States' Law (ECF No. 27). These Motions are fully briefed and ripe for review.

UPON CONSIDERATION of the Motions, the Responses, the Replies, the pertinent portions of the record and being otherwise fully advised in the premises of the case, the Court enters the following Order.

I.    BACKGROUND [1]

This case involves an employment contract between a seafarer and his employer that contained a foreign arbitration clause. Plaintiff Juan Alcalde ("Alcalde") is a citizen and resident of Peru who allegedly sustained injuries while employed on the vessel of Defendant Carnival Cruise Lines ("Carnival"). The terms of Alcalde's employment with Carnival are governed by a document

---

[1] The facts here are undisputed. They are taken from Defendant's Motion to Compel Arbitration (ECF No. 6) and Plaintiff's Response in Opposition (ECF No. 8).

called the Seafarer's Agreement ("Agreement") (ECF No. 6-4). The Agreement requires arbitration of any dispute arising out of Alcalde's employment. Paragraph 7 of the Agreement provides, in pertinent part:

> [a]ny and all disputes arising out of or in connection with this Agreement, including any question regarding its existence, validity, or termination, or Seafarer's service on the vessel, shall be referred to and finally resolved by arbitration under the Arbitration Rules of the International Chamber of Commerce, which Rules are deemed to be incorporated by reference into this clause.

The Agreement also contains a choice-of-law-provision in Paragraph 8, which states:

> [t]his Agreement shall be governed by, and all disputes arising under or in connection with this Agreement or Seafarer's service on the vessel shall be resolved in accordance with, the laws of the flag of the vessel on which Seafarer is assigned at the time the cause of action accrues, without regard to principles of conflicts of laws thereunder.

Additionally, in Paragraph 9 there is a "Severability" provision, that says "[i]f any provision, term, or condition of this Agreement is invalid for any reason, it shall be deemed severed from this Agreement . . . ."

Alcalde alleges he sustained injuries in 2007 and 2008, while working on Carnival cruise ships M/S Destiny, M/S Freedom, and M/S Conquest, which were all vessels operating under the Panamanian flag. He filed the instant lawsuit on August 13, 2010 in state court (ECF No. 1-2). He alleges negligence under the Jones Act (Count I), unseaworthiness of the ship (Count II), failure to provide maintenance and cure (Count III), and failure to treat (Count IV). On December 14, 2010, Carnival filed a Notice of Removal (ECF No. 1) pursuant to 9 U.S.C. § 205, which allows removal in actions arising under the law of the United States and relating to an arbitration agreement falling under the United Nations Convention on the Recognition and Enforcement of Foreign Arbitral Awards (New York 1958) ("the Convention").

2

Carnival seeks to compel arbitration under Paragraph 7 and Paragraph 8 of the Agreement. Alcalde claims the arbitration provision is unenforceable due to public policy reasons. He further avers that the matter should be remanded to state court because the Jones Act provides the seafarer the right to bring such a claim in state court. Carnival has stipulated that, despite Paragraph 8, requiring application of Panamanian law, should this Court find the choice-of-law provision unenforceable, it would apply U.S. law during arbitration instead. Def.'s Notice of Filing Stip. (ECF No.23).

## II.   ANALYSIS

### A.   Present Issues Are Properly Before This Court

As an initial matter, this Court may adjudicate the preliminary determination of whether the arbitration agreement is valid and enforceable. Carnival argues the Agreement delegates matters concerning the validity, existence and termination of the Agreement to the arbitrator, and that delegation includes the enforceability of the provision on arbitration. In support of this contention, Carnival cites to the Supreme Court case Rent-A-Center, West, Inc. v. Jackson, which compelled arbitration of an employee's claim against his employer because the contract at issue contained an arbitration delegation provision and, pursuant to that provision, the employee's claim that the entire contract was procedurally and substantively unconscionable had to be resolved by the arbitrator. 130 S. Ct. 2772, 2777 (2010). Carnival contends that the Court's decision in Rent-A-Center precludes the district court from determining the validity of the arbitration provision, and the dispute must be compelled to arbitration. Rent-A-Center, however, clearly held that when a party challenges the enforceability of an agreement's arbitration provision, then the district court will consider the challenge. Conversely, when a party challenges the enforceability of the agreement as a whole, that

question should be handled by the arbitrator. Here, Alcalde is challenging the arbitration and choice-of-law provisions, not the whole Agreement. It is therefore appropriate for this Court to consider his claims.

### B. Arbitration Provision Under Thomas v. Carnival Cruise Lines

"The Convention on the Recognition and Enforcement of Foreign Arbitral Awards . . . is a multi-lateral treaty that requires courts of a nation state to give effect to private agreements to arbitrate and to enforce arbitration awards made in other contracting states." Thomas v. Carnival Corp., 573 F.3d 1113, 1116 (11th Cir. 2009). "The United States, as a signatory to the Convention, enforces this treaty through Chapter 2 of the U.S. Federal Arbitration Act (FAA), which incorporates the terms of the Convention." Id. In deciding a motion to compel arbitration under the FAA, "[a] district court must order arbitration unless (1) [one of] four jurisdictional prerequisites are not met, . . . or (2) one of the Convention's affirmative defenses applies . . . ." Bautista v. Star Cruises, 396 F.3d 1289, 1294-95 (11th Cir. 2005).

At issue here is whether the Convention's affirmative defense relating to public policy applies to the arbitration provision in the Agreement signed by Alcalde. Article V of the Convention provides "[r]ecognition and enforcement of an arbitral award may also be refused if the competent authority in the country where recognition and enforcement is sought finds that . . . [t]he recognition or enforcement of the award would be contrary to the public policy of that country." Convention, art. V(2)(b). In Thomas, the Eleventh Circuit held that the public policy of the United States is violated when an arbitration clause in a seafarer's agreement acts to preclude the seafarer from bringing a claim under the Seaman's Wage Act ("SWA") by requiring the application of foreign law in a foreign venue. 573 F.3d at 1123-24. It noted that the choice-of-law (Panamanian) and choice-of-

4

forum (Philippines) requirements "operated in tandem to completely bar Thomas from relying on any U.S. statutorily-created causes of action." Id. at 1123.

In Bautista, the Court of Appeals held that a group of seafarers' Jones Act claim was subject to arbitration under Chapter 2 of the FAA. 396 F.3d at 1300-03. The agreements at issue required the claims be arbitrated in the Philippines under Filipino law. Id. at 1293. The court rejected the seafarers' affirmative defense that the agreements were "unconscionable," finding that defense was not cognizable under the Convention. Id. at 1302. The court also ruled the arbitration provision was not incapable of being performed merely because some of their claims may not be recognized under Filipino law. Id. at 1302-03. Importantly, however, the Bautista court never addressed whether precluding claims under U.S. law qualifies as an affirmative defense under the Convention because it is violative of U.S. public policy. Therefore, as Alcalde asserts this defense, this Court will examine it in light of the Thomas reasoning.

Since the Thomas decision, there have been several cases in this district addressing how broadly the decision should be applied. Most of those cases have found that when an arbitration provision contains a choice-of-law and choice-of-forum provision operating in tandem to bar a seaman from litigating both U.S. statutory and non-statutory claims, then the arbitration clause at issue is against U. S. public policy. E.g., Meneses v. Carnival Corp., 731 F. Supp. 2d 1332 (S.D. Fla. 2010) (King, J.) (finding Thomas applies to both statutory and non-statutory claims brought by seafarer beyond SWA claims); see also Cardoso v. Carnival Corp., No. 09-23442, 2010 WL 996528 (S.D. Fla. Mar. 16, 2010) (Gold, J.) (ruling Thomas would apply to Jones Act and non-statutory claims); Sivanandi v. NCL (Bahamas), Ltd., No. 10-20296, 2010 WL 1875685 (S.D. Fla. April 15, 2010) (Ungaro, J.) (applying Thomas to a Jones Act claim); Dockeray v. Carnival Corp.,

724 F. Supp. 2d 1216 (S.D. Fla. 2010) (Altonaga, J.) (choice-of-law clause void as a matter of public policy as applied to Jones Act claim).

A minority of opinions have ruled otherwise, finding Thomas to be a more narrow decision. In Pineda Lindo v. NCL (Bahamas), Ltd., the district court refused to extend the Thomas decision to a Jones Act claim, limiting Thomas to apply only to SWA claims. No. 09-cv-22926-DLG (Graham, J.) (S.D. Fla. Dec. 18, 2009) ; see also Henriquez v. NCL (Bahamas), Ltd., No. 09-21950-DLG (Graham, J.) (S.D. Fla. Nov. 17, 2009). In Bulgakova v. Carnival Corp., the court denied reconsideration of an order compelling arbitration of Jones Act, SWA, and non-statutory unseaworthiness and maintenance claims. No. 09-20023, 2010 WL 5296962 (S.D. Fla. Feb. 26, 2010) (Seitz, J.). That court reasoned Thomas would only preclude arbitration where there was no possibility of later review. Id. at *3. In Thomas, there was no possibility of review because the only claim at issue was the SWA claim – a U.S. statutory claim that would not have been recognized under Panamanian law. Id. Therefore, in Bulgakova, because arbitration might have resulted in an award for the non-statutory claims, the court found the plaintiff could not show there was a "distinct possibility" of not obtaining an award that the court would later be able to review. Id.

It is worth noting that Pineda Lindo and Bulgakova were decided shortly after the Thomas decision, and afforded it a very narrow interpretation. More recent cases in this district have applied the reasoning in Thomas more broadly. For reasons discussed below, this Court agrees with the more recent cases that give Thomas broader application.

First, this Court finds that Thomas does extend beyond SWA claims to other U.S. statutory claims. As Judge Gold noted in Cardoso: "a holistic reading of Thomas indicates that the Eleventh Circuit's reasoning applies with equal force to claims brought pursuant to the Jones Act.

Specifically, . . . the Eleventh Circuit did not focus on the unique nature of the Seaman's Wage Act in reaching its conclusion . . . ." Cardoso, 2010 WL 996528, at *3. Rather, the Court found that the arbitration requirements have "operated in tandem to completely bar Thomas from relying on *any* U.S. statutorily-created cause of action." Thomas, 573 F.3d at 1123 (internal quotation marks omitted). Thus the bar to any statutorily-created cause of action, SWA or otherwise, would be contrary to this country's public policy under Thomas, and therefore unenforceable.

Second, absent a contrary indication from the Eleventh Circuit this Court finds that the reasoning in Thomas applies to the seafarer's non-statutory claims. The Court cannot find any compelling reasoning in case law that would lead to a meaningful differentiation between Thomas' application to statutory and its application to non-statutory claims.[2] The SWA is a reflection of this country's public policy decision to treat seafarers as a unique and favored class. See, e.g., Bainbridge v. Merchants' & Miners' Transp. Co., 287 U.S. 278, 282 (1932) ("The policy of Congress, as evidenced by its legislation, has been to deal with [seamen] as a favored class."). The non-statutory claims available to seafarers also stem from and are demonstrative of this policy

---

[2] A Second Circuit case, American Safety Equipment Corp. v. J.P. Maguire & Co., once distinguished between statutory rights under the Sherman Act and private contractual rights in the context of a domestic arbitration dispute. 391 F.2d 821 (1968). It found that the Sherman Act claim was not appropriate for arbitration because it was a part of a statutory scheme designed to vindicate the public interest. Id. at 825-28. In contrast, contractual rights were purely private causes of action, therefore, public policy, buttressed by a statutory scheme, was not a concern. See id. at 825-28. This rationale does not warrant a similar distinction where claims under the SWA and non-statutory claims under U.S. maritime law are brought. Moreover, the doctrine enunciated in American Safety is not recognized in most circuits and even the Second Circuit has recognized its abrogation. See Gemco Latinoamerica, Inc. v. Seiko Time Corp., 671 F. Supp. 972, 977 (S.D.N.Y. 1987) ("the American Safety rule has been eroded by subsequent decisions and is no longer the law of this Circuit[]"); see also Kotam Elecs., Inc. v. JBL Consumer Prods., 93 F.3d 725, 726 (11th Cir. 1996) (stating the Supreme Court rejected the American Safety doctrine in Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc., 473 U.S. 614 (1985)).

choice.³ We therefore cannot find any distinguishing feature between these two sorts of claims to warrant a different result under Thomas.

Thus, in determining whether non-statutory claims are included in Thomas' application, we are left only with the language in Thomas itself: "[t]he Court, then, has held that arbitration clauses should be upheld if it is evident that either U.S. law definitely will be applied or if, there is a possibility that it might apply and there will be later review." Thomas, 573 F.3d at 1123. In agreements such as the one here, it is evident there is no possibility U.S. law would apply – the choice-of-law is Panamanian law "without regard to principles of conflicts of laws thereunder." Agreement ¶ 8. Thomas holds that such an obstruction contravenes this country's public policy and in such cases arbitration cannot be compelled. The broad language used in Thomas appears to also apply to non-statutory claims. Therefore, this Court agrees with the majority of cases in this district that interpret Thomas to apply beyond a SWA claim to both statutory and non-statutory claims.⁴

---

³ See Harden v. Gordon, 11 F. Cas. 480, 483 (C.C. Me. 1823) (No. 6047) (Story, J.) (establishing the common-law action of maintenance and cure for seaman and stating:
> [s]eamen are by the peculiarity of their lives liable to sudden sickness from change of climate, exposure to perils, and exhausting labour. They are generally poor and friendless, and acquire habits of gross indulgence, carelessness, and improvidence. If some provision be not made for them in sickness at the expense of the ship, they must often in foreign ports suffer the accumulated evils of disease, and poverty, and sometimes perish from the want of suitable nourishment.)

⁴ One component of this case which merits some attention is the fact the arbitration provision in Alcalde's agreement was part of a collective bargaining agreement, negotiated by sophisticated parties. Therefore, one might argue that sophisticated parties bargained for a waiver of the right to bring claims under U.S. law. This situation differs from one in which a foreign seafarer enters into an employment agreement without collective bargaining and where no sophisticated party has negotiated on the seafarer's behalf. No courts in this district have addressed whether a collective bargaining agreement would change the analysis. Of course, sophistication of contracting parties is relevant in evaluating any contract. However, this Court notes that because Thomas relied heavily on the Supreme Court's decisions Mitsubishi Motors and Vimar Seguros y Reaseguros v. M/V Sky Reefer, 515 U.S. 528 (1995), two cases where

As the Agreement in this case requires arbitration in a foreign venue and the application of Panamanian law, as written, it cannot be enforced. The analysis, however, does not end there.

C.   Severability of Choice-of-Law Clause [5]

This Court now must determine whether arbitration can be compelled when a defendant stipulates that U.S. law will be used. There is a "liberal federal policy favoring arbitration agreements." Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24 (1983). "The Arbitration Act establishes that, as a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration . . . ." Id. At 24-25. "Where an arbitration agreement contains a severability provision, a court may choose to excise any invalid provision of the underlying contract." Meneses, 731 F. Supp. 2d at 1336. In this Circuit,

> courts [f]aced with arbitration agreements proscribing statutorily available remedies . . . have either severed the illegal provision and ordered arbitration, or held the entire agreement unenforceable. Courts finding severance appropriate rely on a severance provision in the arbitration agreement, or the general federal policy in favor of enforcing arbitration agreements.

Cardoso, 2010 WL 996528, at *4 (citations and quotations omitted).

The presence here of both the strong policy favoring arbitration and the severability provision lead this Court to conclude that severance is the appropriate remedy. As stated above, the reason arbitration was unenforceable in Thomas, was the fact that the "choice-of-forum" and "choice-of-

---

contracting parties were sophisticated businesses, it does not leave room for this Court to make this differentiation.

[5]   This Court will not the address argument that arbitration is cost prohibitive. As Plaintiff is a citizen of Peru, there will be high costs regardless of whether the action remains in Florida or is compelled to arbitration. Furthermore, as a matter of law, this "prohibitive costs" defense has not been recognized under the Convention in this district. See e.g., Koda v. Carnival Corp., No. 06-cv-21088-WMH, *6-*7 (S.D. Fla. Mar. 30, 2007).

law" clauses "operated in tandem" to deny the Plaintiff his rights under U.S. law. Therefore, the arbitration is only unenforceable under Thomas to the extent it denies Alcalde access to U.S. law. By merely striking the stand-alone choice-of-law paragraph and agreeing to U.S. law, Carnival cures the deficiency in the original Agreement. See e.g., Krstic v. Princess Cruise Lines, 706 F. Supp. 2d 1271, 1280-81 (S.D. Fla. 2010) (severing choice-of-law clause yet compelling arbitration of all claims). This Court cannot cast aside the fact that the Parties agreed – by contract – to arbitrate their disputes. Surely, a remedy that assures Plaintiff the protections of U.S. law while respecting the agreement entered into by the parties is appropriate here.

Thus, the arbitration provision remains enforceable and arbitration shall be compelled.

### III. CONCLUSION

For the foregoing reasons, it is

ORDERED AND ADJUDGED that Defendant's Motion to Compel Arbitration (ECF No. 6) is GRANTED IN PART. Paragraph 8 is hereby STRICKEN from Plaintiff's Seafarer's Agreement and shall be treated by the parties as null and void. Plaintiff's claims shall be submitted to binding arbitration in accordance with Paragraph 7 of his Seafarer's Agreement, Defendant's Stipulation (ECF No. 23), and the provisions of this Order. It is further

ORDERED AND ADJUDGED that Plaintiff's Motion to Remand to State Court (ECF No. 12) is DENIED. It is further

ORDERED AND ADJUDGED that Plaintiff's Motion to Strike Stipulation (ECF No. 27) is DENIED. It is further

ORDERED AND ADJUDGED that this Case is STAYED. The Clerk of the Court is instructed to CLOSE this case. All pending Motions are DENIED AS MOOT. Parties may move to reopen this case after arbitration.

DONE AND ORDERED in Chambers at Miami, Florida, this 9th day of July, 2011.

K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

cc: All counsel of record